RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/12/08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT RANDALL REINHART<br>Fed. Reg. No. 77187-079<br>VS. | DOCKET NO. 6:97-CR-60030<br><br>SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

### MEMORANDUM RULING

Robert Randall Reinhart, a prisoner in the custody of the Federal Bureau of Prisons, filed the instant Motion to Vacate pursuant to 28 U.S.C. §2255 on September 17, 2007. He collaterally attacks his November 1997 conviction for conspiring to engage in the sexual exploitation of children (18 U.S.C. §2251(a)) and the 235 month sentence that was ultimately imposed on February 18, 2005. In conjunction with the Motion to Vacate, Reinhart also filed a Motion to Recuse.

*Background*

On November 10, 1997, Reinhart pled guilty to a charge of conspiracy to engage in the sexual exploitation of children (see 18 U.S.C. §2251(a)). [rec. docs. 52-58] On May 11, 1998 he was sentenced to serve 235 months. [rec. docs. 75-76] He and his co-defendant and co-conspirator, Matthew Carroll appealed, and on September 14, 1999, the Fifth Circuit affirmed the convictions and sentences. *United States v. Carroll*, 190 F.3d 290 (5th Cir. 1999). On February 10, 2000, the Fifth Circuit vacated that judgment and granted a rehearing *en banc. United States v. Reinhart*, 204 F.3d 581 (5th Cir. 2000). The government conceded the issue raised on appeal and removed one of the victims from the sentencing calculus and the case was remanded to this Court for resentencing. *United States v. Reinhart*, 226 F.3d 651 (5th Cir. 2000); 227 F.3d 486

(5th Cir. 2000).

On March 1, 2001, Reinhart was returned to this Court sentenced to serve 210 months. [rec. doc. 142] Reinhart again appealed but sometime while the matter was pending he moved for the dismissal of his appeal; on May 4, 2001 his motion was granted and the appeal was dismissed. *United States v. Reinhart*, No. 01-30303. [see rec. doc. 151]

On August 8, 2001, Reinhart, represented by retained counsel, filed a Motion to Vacate pursuant to 28 U.S.C. §2255 arguing the following: (1) "The government did not ... establish that Mr. Reinhart conspired to violate 18 U.S.C. §2251." (2) "The guilty plea was not knowing and voluntary." and, (3) ineffective assistance of counsel. [rec. doc. 154] On June 5, 2002 his Motion to Vacate was denied and dismissed with prejudice. [rec. doc. 164] He moved for a Certificate of Appealability in the Fifth Circuit. [rec. doc. 167] On January 8, 2003 the Fifth Circuit granted a COA as to one issue and denied it as to the other remaining issues. [rec. doc. 176] However, on July 15, 2003 the Court denied relief and affirmed this Court's denial of the §2255 motion. *United States v. Reinhart*, 70 Fed. Appx. 757 (5th Cir. 2003). A rehearing was granted and on January 14, 2004 the Fifth Circuit reversed, removing yet another victim from the sentencing calculus. The Court then vacated the sentence and remanded the matter to this Court once again for resentencing. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004).

On February 16, 2005 Reinhart was sentenced to serve 235 months. [rec. docs. 202-203] He appealed again to the Fifth Circuit Court of Appeals arguing that the sentence was vindictive and unreasonable; he also argued that the application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (which held that adherence to the Sentencing Guidelines was no longer mandatory) violated the *ex post facto* clause of the Constitution. On March 7, 2006

the Fifth Circuit rejected Reinhart's arguments and affirmed the judgment. *United States v. Reinhart*, 442 F.3d 857 (5th Cir. 2006). His application for writs was denied on October 2, 2006. *Reinhart v. United States*, — U.S. —, 127 S.Ct. 131, 166 L.Ed.2d 96 (2006).

He filed the instant Motion on September 17, 2006 arguing four grounds for relief: (A) The *ex post facto* and due process clauses prohibit the district Court's retroactive application of *United States v. Booker* to Reinhart's disadvantage; (B) judicial vindictiveness; (C) Court's reliance on information known by the Court to be erroneous to justify the imposition of sentence; and, (D) the sentence breaches the plea agreement. [rec. doc. 216] He also filed a Motion to Recuse or Disqualify Under 28 U.S.C. §144 or 28 U.S.C. §455 which was accompanied by his affidavit of bias or prejudice. [rec. doc. 217 and 217-2]

### *Law and Analysis*

Reinhart filed a Motion to Recuse or Disqualify on September 17, 2007; therein he alleged, "The Court should disqualify Judge Richard T. Haik, Sr. in this matter because of his vindictiveness in the sentencing of the defendant. He has knowingly and intentionally used false information to justify his imposition of a greater sentence during the re-sentencing of the defendant in 2005. He has violated the defendant's Fifth and Fourteenth Amendment rights to the Constitution and violated his due process rights. He has constantly threatened the defendant that he would find a way to give defendant a life sentence if he could and that he would find a way to give the defendant more time on his sentence. He has brought his religion into the Courtroom and used it to base his decisions. He has engaged in ex-parte communications and conspired with agents of the Federal Bureau of Investigation to deprive the defendant of his legally owned property. He has failed to prevent the destruction of defendant's property after he had been

notified of the FBI's intent to illegally destroy it. He has proven through his comments and actions that he is biased and unable to rule in an impartial manner in any matter that concerns the defendant. His actions are all directed toward harassment and deprivation of the defendant's constitutional rights and liberties." [rec. doc. 217, pp. 1-2] In support of these allegations, Reinhart provided an Affidavit of Bias and Prejudice in which he averred the following: (1) that the Court has constantly threatened Reinhart with a life sentence; (2) that, according to his attorney, the Court purposefully delayed the re-imposition of sentence so as to await the outcome of *Booker*; (3) that the Court's reasons for imposing sentence were false and known by the Court to be false; (4) that contrary to the Court's assertion, Reinhart was not a Boy Scout leader; (5) that, the Court's assertion that Reinhart contacted his victims was erroneous since Reinhart only contacted the victims' attorneys; (6) that the Court advised Reinhart "... to thank God that there were rules and guidelines that prevented him from giving [Reinhart] the sentence he ... deserved..." and, (7) the Court's rulings fail to follow precedent and are inequitable and vindictive. [rec. doc. 217-2]

Title 28 U.S.C. §144 directs a judge to recuse himself if a party "... makes and files a timely and sufficient affidavit that the judge ... has a personal bias or prejudice ... against him..." The affidavit must state facts in support of the party's belief that bias or prejudice exits.[1] Once

---

[1] The statute provides: "Whenever a party to any proceeding in a district Court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

filed, the Court must pass on the sufficiency of the affidavit, but may not pass on the truth of the allegations. A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003), citing, *Henderson v. Dep't of Public Safety & Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Reinhart's affidavit is not legally sufficient because the facts alleged do not demonstrate personal bias. For bias to be personal it "must stem from an extra-judicial source..." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), and other cases cited in *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 964 (5th Cir. 1980). Put another way, personal bias is defined as an attitude of extrajudicial origin [see *United States v. Garrison*, 340 F. Supp. 952, 956, citing *Grinnell, supra*], and, in order to warrant recusal it must "... result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell*, 384 U.S. at 583, citing *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481. Thus, motions for recusal "... ordinarily may not be predicated on the judge's rulings in the instant case..." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981). Reinhart's argument relies solely on this Court's previous rulings in this case (more specifically, the imposition of a sentence just short of the maximum sentence allowed by law).

With only one exception, Reinhart has not alleged that this sentence was based on anything other than what the Court learned from the evidence available in this case. As noted above, in both his Motion to Vacate and in the instant motion, he has alleged that the Court relied

on information known by the Court to be false, namely, that Reinhart exploited a position of trust as a Scout leader, and, that he disobeyed an order prohibiting him from corresponding with his victims. Both claims are refuted by the record.

First, Reinhart was convicted of engaging in a criminal conspiracy with a co-defendant, Matthew Carroll, who was a Scout leader; at the time of sentencing, the Court advised, "Under Section 1B1.3 of the sentencing guidelines, the defendant [Reinhart] is accountable for all acts of others committed in furtherance of the joint undertaking of criminal activity. The defendant [Reinhart] is responsible for all acts that were part of the same course of conduct or common scheme or plan as the offensive conviction. The Court finds that the defendant is accountable for the conduct of codefendant Matthew Carroll." The Court further noted, "Defendant [Reinhart] objects to [the allegations of the pre-sentence investigation report] regarding care, custody, and control. The Court makes the following ruling: Since the parents of the minors were aware the defendant was the roommate of Matthew Carroll, the Court finds that the minors were in the temporary care, custody, and control of the defendant." [Sentencing Transcript, 5/11/1998, at pp. 5-8]

Second, Reinhart's claim concerning forbidden correspondence is likewise refuted by the record. During the resentencing held on February 14, 2001, the Assistant United States Attorney advised the Court, "... the defense has filed a motion for a downward departure. In response to that motion for downward departure, we would note that again it is offensive that the defendant would request a downward departure considering the facts of this case, and considering his continued conduct. And in this case, more than even in Mr. Carroll's case, though he wrote letters, Mr. Carroll did, Mr. Reinhart actually continued to write letters and threaten victims at

Page -6-

least one time so that they have to relive this nightmare over again. It is the most offensive kind of conduct. He is not allowing them to get beyond what he has done to them..." [Transcript, Resentencing, 2/14/2001, p. 3] Reinhart's lawyer, in her plea for mercy, did not attempt to refute the prosecutor's claim. [Id., pp. 3-6] Reinhart himself was given the opportunity to respond and did not refute the government's assertion. [Id., pp. 6-12] During the same hearing, the mother of one of the victims told the Court, "Mr. Reinhart stands up here and tries to do like he is sorry, but this whole time he has been writing letters, threatening us, calling us white trash. Everytime I get a letter in the mail from this man, it starts all over again... " [Id. p. 13] Finally, at the conclusion of the hearing, the Court specifically prohibited Reinhart from corresponding with his victims under penalty of contempt and engaged in the following colloquy:

> The Court: You have written letters, have you not, Mr. Reinhart?
> Reinhart: Yes, sir. As part of the civil suit I had to defend myself in, that was the only way to contact them was to write them because I didn't have an attorney.
> The Court: If you write any of the victims, Mr. Reinhart, and I find out about it, we're going to be back here and I'm going to add as much time as I can possibly add. ..." [*Id.*, p. 18]

Finally, at the sentencing which forms the basis of the instant motion, the Court, in reviewing the materials submitted for sentencing, noted, " ... the nature and circumstances of the offense and the history you've exemplified to this point, including writing the victims even while you were incarcerated which you were not supposed to do and you knew you were not supposed to contact them. The nature and circumstances of your particular offense are of the nature that this Court would presume and believe to be the most heinous of all crimes in that you took advantage of children that were under your care as a Boy Scout leader." [Resentencing Transcript, 2/16/2005, p. 8] In response, Reinhart's attorney noted, "... with respect to the issues set forth in 3553 that

Page -7-

you have mentioned thus far, obviously we do not contest the seriousness of his offense <u>even though he wasn't actually a Boy Scout leader, he was living with the Boy Scout leader. We acknowledge that, and Mr. Reinhart is not here to in any way diminish the significance of what he has done</u>, but only to urge the Court that the other factors, both to protect the public and to ensure that he gets the needed treatment at Butner, can be accomplished with a sentence that is within the guideline range..." [*Id.*, p. 11]

In short, Reinhart's claim – that the Court knowingly relied upon false information – is refuted by the record. Further, Reinhart's motion and supporting affidavit fail to show that the undersigned has any personal bias against Mr. Reinhart because Reinhart has not established that his sentence was based on anything other than what the Court learned from the evidence available in this case. Therefore,

The Motion to Recuse or Disqualify [rec. doc. 217] is **DENIED**.

In Chambers, Lafayette, Louisiana _September_, 2008.

_____
RICHARD T. HAIK, SR.
CHIEF JUDGE