RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11 / 13 / 08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT RANDALL REINHART** | **DOCKET NO. 6:97-CR-60030** |
| Fed. Reg. No. 77187-079 | |
| VS. | **SECTION P** |
| **UNITED STATES OF AMERICA** | **CHIEF JUDGE HAIK** |

## REASONS FOR JUDGMENT AND JUDGMENT

Robert Randall Reinhart, a prisoner in the custody of the Federal Bureau of Prisons, filed the instant Motion to Vacate pursuant to 28 U.S.C. §2255 on September 17, 2007. He collaterally attacks his November 1997 conviction for conspiring to engage in the sexual exploitation of children (18 U.S.C. §2251(a)) and the 235 month sentence that was ultimately imposed on February 18, 2005.

### *Background*

On November 10, 1997, Reinhart pled guilty to a charge of conspiracy to engage in the sexual exploitation of children (see 18 U.S.C. §2251(a)). [rec. docs. 52-58] On May 11, 1998 he was sentenced to serve the maximum sentence of 235 months. [rec. docs. 75-76] He and his co-defendant, Matthew Carroll appealed, and on September 14, 1999, the Fifth Circuit affirmed the convictions and sentences. *United States v. Carroll*, 190 F.3d 290 (5th Cir. 1999). On February 10, 2000, the Fifth Circuit vacated that judgment and granted a rehearing *en banc*. *United States v. Reinhart*, 204 F.3d 581 (5th Cir. 2000). The government conceded the issue raised on appeal and removed one of the victims from the sentencing calculus; therefore, the matter was remanded to this court for resentencing. *United States v. Reinhart*, 226 F.3d 651 (5th Cir. 2000); 227 F.3d 486 (5th Cir. 2000).

On March 1, 2001, Reinhart was returned to this court and resentenced in accordance with the Fifth Circuit's directives to a sentence of 210 months. [rec. doc. 142] Reinhart again appealed but sometime while the matter was pending he moved for the dismissal of his appeal; on May 4, 2001 his motion was granted and the appeal was dismissed. *United States v. Reinhart*, No. 01-30303. [see rec. doc. 151]

On August 8, 2001, Reinhart, represented by retained counsel, filed a Motion to Vacate pursuant to 28 U.S.C. §2255 arguing the following: (1) "The government did not ... establish that Mr. Reinhart conspired to violate 18 U.S.C. §2251." (2) "The guilty plea was not knowing and voluntary." and, (3) ineffective assistance of counsel. [rec. doc. 154] On June 5, 2002 his Motion to Vacate was denied and dismissed with prejudice. [rec. doc. 164] He moved for a Certificate of Appealability in the Fifth Circuit. [rec. doc. 167] On January 8, 2003 the Fifth Circuit granted a COA as to one issue and denied it as to the other remaining issues. [rec. doc. 176] However, on July 15, 2003 the court denied relief and affirmed this court's denial of the §2255 motion. *United States v. Reinhart*, 70 Fed. Appx. 757 (5th Cir. 2003). A rehearing was granted an on January 14, 2004 the Fifth Circuit reversed, removing yet another victim from the sentencing calculus. The Court then vacated the sentence and remanded the matter to this court once again for resentencing. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004).

On February 16, 2005 Reinhart was sentenced to serve 235 months. [rec. docs. 202-203] He appealed again to the Fifth Circuit Court of Appeals arguing that the sentence was vindictive and unreasonable; he also argued that the application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that the application of the United States Sentencing Guidelines was no longer mandatory was an unconstitutional *ex post facto* law as

applied to him. On March 7, 2006 the Fifth Circuit rejected Reinhart's arguments and affirmed the judgment. *United States v. Reinhart*, 442 F.3d 857 (5th Cir. 2006). His application for writs was denied on October 2, 2006. *Reinhart v. United States*, — U.S. —, 127 S.Ct. 131, 166 L.Ed.2d 96 (2006).

He filed the instant Motion on September 17, 2006 arguing four grounds for relief: (A) The *ex post facto* and due process clauses prohibit the district court's retroactive application of *United States v. Booker* to Reinhart's disadvantage; (B) judicial vindictiveness; (C) court's reliance on information known by the court to be erroneous to justify the imposition of sentence; and, (D) the sentence breaches the plea agreement. [rec. doc. 216] He also filed a Motion to Recuse or Disqualify Under 28 U.S.C. §144 or 28 U.S.C. §455 which was accompanied by his affidavit of bias or prejudice. [rec. doc. 217 and 217-2]

On September 12 2008, the undersigned denied Reinhart's Motion to Recuse and provided written reasons. [rec. doc. 221] Reinhart's §2255 Motion was served and on October 20, 2008, the United States Attorney filed as response. [rec. doc. 222]

### *Law and Analysis*

#### *1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The

§ 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

A defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141

(1992); see also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

*2. Claims for Relief*

*a. Ground One – Whether the <u>Ex Post Facto Clause</u> and the <u>ex post facto</u> limitations inherent in the Due Process Clause prohibit a District Court's retroactive application of <u>United States v. Booker</u>, 543 U.S. 220 (2005) to the defendant's disadvantage such that he is sentenced pursuant to the now advisory federal Sentencing Guidelines to a sentence harsher than was available pursuant to the mandatory Sentencing Guidelines in effect at the time the defendant committed his criminal conduct? [rec. doc. 216, p. 3]*

*b. Ground Two – Whether a presumption of judicial vindictiveness in violation of the Due Process Clause arises on imposition of a harsher, above Guidelines sentence on remand for re-sentencing before the same judge after the defendant's successful appeal and cannot be defeated when the only basis for the harsher sentence [is] the district court's broader discretion to impose a non-Guidelines sentence as a result of the change in the law effected by <u>United States v. Booker</u>, 543 U.S. 220 (2005). [rec. doc. 216, p. 3]*

Claims raised and considered on direct appeal cannot be considered in §2255 Motions. *United States v. Webster*, 392 F.3d 787, 791 at fn 5 (5th Cir. 2004), citing *United States v.*

*Kalish*, 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); and, *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997).

Grounds One and Two were raised and decided on appeal. The Fifth Circuit rejected his claim of vindictiveness, as follows –

> The district court's justification for the longer sentence is its freedom post-*Booker* to step beyond the guidelines range and impose any reasonable sentence. That justification is plainly a 'valid reason associated with the need for flexibility and discretion in the sentencing process.' *Id.* Given such an 'affirmatively appear[ing]' reason for the increased sentence, there is no reasonable likelihood that the sentence was based on actual vindictiveness. *Id.* Consequently, the presumption of vindictiveness does not in this case, and the burden is on Reinhart to prove actual vindictiveness.
>
> Reinhart offers no reason why we should find vindictiveness in a longer sentence that results from the unique situation created by *Booker*. Following the persuasive guidance of the Seventh Circuit, we conclude that there is no vindictiveness in a post-*Booker* re-sentencing that exceeds the original pre-*Booker* sentence solely because *Booker* changed the law.
>
> We find convincing the explanation in *United States v. Goldberg*, 406 F.3d 891, 894 (7th Cir.2005). [footnote omitted] There is no reason to find vindictiveness in a longer sentence that has its basis in the trial court's newly expanded sentencing authority. Moreover, in Reinhart's case the court believed the longer sentence to be the proper one from the start, but its hands were tied by the mandatory nature of the guidelines. To find vindictiveness in such a case would be an improper limitation on the sentencing discretion afforded under *Booker*.

See *United States v. Reinhart*, 442 F.3d at 860-861.

Likewise, Reinhart's *ex post facto* claim as argued in Ground One, was argued and rejected on appeal:

> Reinhart contends that because he committed his crime when the guidelines were mandatory, the district court's use of the guidelines as merely advisory violates his rights under the *Ex Post Facto* Clause of the Constitution. In *Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), however, the Court held that that clause, by its own terms, is a limitation on legislative powers and

> does not apply to the courts. Reinhart's argument on this point is meritless.
>
> Reinhart also urges that the district court's use of a sentencing system that was not in effect when he committed his crime violates the *ex post facto* principles inherent in the Due Process Clause. This court, however, has recently foreclosed Reinhart's argument. In *United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir.2005), we rejected the defendant's contention that application of post- *Booker* sentencing principles to a pre- *Booker* offense violates the defendant's *ex post facto* rights. The use of an advisory sentencing scheme did not violate Reinhart's due process rights.

*United States v. Reinhart*, 442 F.3d at 864.

Grounds One and Two, having been fully litigated on appeal, cannot be considered in this §2255 Motion and offer Reinhart no grounds for relief.

***c. Ground Three – The Court's grounds for justification of an increased sentence are based on information that is known to Judge Haik to be false and his knowing and intentional use of these reasons is vindictive, illegal, immoral, and violates my Fifth and Fourteen[th] Amendments to the Constitution which dictate that the defendant is entitled to a trial conducted by an impartial judge. [rec. doc. 216, p. 4]***

As previously noted, a defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); see also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991).

Reinhart did not raise the claim asserted in Ground Three on direct appeal, even though the factual basis of the claim was surely known to him.[1] Thus, Ground Three is subject to

---

[1] In fact, the Fifth Circuit, in upholding the reasonableness of Reinhart's sentence, specifically noted, "Our reasonableness review in non-guideline cases begins with the requirement in [United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 546 U.S. 828, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005)] that the district court justify a

dismissal as procedurally defaulted unless Reinhart can establish cause and prejudice for the default, or actual innocence.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

Reinhart has not, nor can he demonstrate prejudice or "actual innocence" because the factual basis of his assertion is refuted by the record which establishes that the information relied upon by the undersigned was in fact correct and appropriate.

First, as noted in the order denying Reinhart's recusal motion, Reinhart was convicted of engaging in a criminal conspiracy with a co-defendant, Matthew Carroll, who was a Scout leader; at sentencing the undersigned advised,

Under Section 1B1.3 of the sentencing guidelines, the defendant [Reinhart] is

---

non-guideline sentence with 'fact specific reasons involving aggravating circumstances, personal characteristics of the defendant, his offense conduct, criminal history, or other conduct specific to the case at hand.' Here, the district court justified its sentence, in part, as follows: 'Number one, the nature and circumstances of the offense and the history and characteristics of the defendant. That certainly goes against you, Mr. Reinhart, in that the nature and circumstances of the offense and the history you've exemplified to this point, including writing the victims even while you were incarcerated which you were not supposed to do and you knew you were not supposed to contact them. The nature and circumstances of your particular offense are of the nature that this Court would presume and believe to be the most heinous of all crimes in that you took advantage of children that were under your care as a Boy Scout leader.'" *Reinhart*, 442 F.3d at 863.

accountable for all acts of others committed in furtherance of the joint undertaking of criminal activity. <u>The defendant [Reinhart] is responsible for all acts that were part of the same course of conduct or common scheme or plan as the offensive conviction. The Court finds that the defendant is accountable for the conduct of codefendant Matthew Carroll</u>.

\* \* \*

Defendant [Reinhart] objects to [the allegations of the pre-sentence investigation report] regarding care, custody, and control. The Court makes the following ruling: <u>Since the parents of the minors were aware the defendant was the roommate of Matthew Carroll, the Court finds that the minors were in the temporary care, custody, and control of the defendant</u>." [Sentencing Transcript, 5/11/1998, at pp. 5-8]

In other words, Reinhart and his co-conspirator exercised custody, care, and control over their minor victims by reason of the co-conspirator's position as a scout leader.

Second, Reinhart's claim concerning forbidden correspondence is likewise refuted by the record. During the resentencing held on February 14, 2001, the Assistant United States Attorney advised the Court,

> ... the defense has filed a motion for a downward departure. In response to that motion for downward departure, we would note that again it is offensive that the defendant would request a downward departure considering the facts of this case, and considering his continued conduct. And in this case, more than even in Mr. Carroll's case, though he wrote letters, Mr. Carroll did, Mr. Reinhart actually continued to write letters and threaten victims at least one time so that they have to relive this nightmare over again. It is the most offensive kind of conduct. He is not allowing them to get beyond what he has done to them... [Transcript, Resentencing, 2/14/2001, p. 3]

Reinhart's lawyer, in her plea for mercy, did not refute the prosecutor's claim. [*Id*., pp. 3-6]

Reinhart himself was given the opportunity to respond and did not refute the government's assertion. [*Id*., pp. 6-12]

During the same hearing, the mother of one of the victims told the Court, "Mr. Reinhart

stands up here and tries to do like he is sorry, but this whole time he has been writing letters, threatening us, calling us white trash. Every time I get a letter in the mail from this man, it starts all over again... " [*Id.* p. 13] Reinhart did not refute this allegation. Finally, at the conclusion of the hearing, the Court specifically prohibited Reinhart from corresponding with his victims under penalty of contempt and engaged in the following colloquy:

> The Court: You have written letters, have you not, Mr. Reinhart?
>
> Reinhart: Yes, sir. As part of the civil suit I had to defend myself in, that was the only way to contact them was to write them because I didn't have an attorney.
>
> The Court: If you write any of the victims, Mr. Reinhart, and I find out about it, we're going to be back here and I'm going to add as much time as I can possibly add. ..." [*Id.*, p. 18]

Finally, at the sentencing which forms the basis of the instant motion, the Court, in reviewing the materials submitted for sentencing, noted,

> ... the nature and circumstances of the offense and the history you've exemplified to this point, including writing the victims even while you were incarcerated which you were not supposed to do and you knew you were not supposed to contact them. The nature and circumstances of your particular offense are of the nature that this Court would presume and believe to be the most heinous of all crimes in that you took advantage of children that were under your care as a Boy Scout leader. [Resentencing Transcript, 2/16/2005, p. 8]

In response, Reinhart's attorney noted, "... with respect to the issues set forth in 3553 that you have mentioned thus far, obviously we do not contest the seriousness of his offense <u>even though he wasn't actually a Boy Scout leader, he was living with the Boy Scout leader. We acknowledge that, and Mr. Reinhart is not here to in any way diminish the significance of what he has done</u>, but only to urge the Court that the other factors, both to protect the public and to ensure that he gets the needed treatment at Butner, can be accomplished with a sentence that is within the

guideline range..." [*Id.*, p. 11]

In short, Reinhart's claim – that the Court knowingly relied upon false information – is refuted by the record. The claim asserted as Ground Three may be dismissed as procedurally defaulted and on its merits.

*d. Ground Four – The Sentencing breaches my plea agreement with the government and violates my due process rights. [rec. doc. 216, p. 5]*

As noted by the government, Reinhart also inexcusably failed to argue this claim on direct appeal, although, he most certainly had knowledge of the alleged factual basis for the claim. Nor has he shown cause and prejudice or "actual innocence" so as to justify as review of the merits of the claim. Nevertheless, as the government noted, the factual basis for his assertion is directly refuted by the record which establishes that no specific sentence was ever promised as part of the government's plea agreement. [See rec. doc. 55] Further, at the time of the plea, the undersigned made Reinhart aware that he could be sentenced to serve a maximum of 20-years in prison [Plea Transcript at p. 20], and further advised, "... any recommendation of a sentence agreed to by your counsel and the United States Attorney is not binding on the Court, and that you might on the basis of your guilty plea receive a more severe sentence than is requested or recommended..." Reinhart indicated that he understood and specifically denied that any other "predictions, prophecies, or promises" regarding the length of sentence had been made to him. [Plea Transcript, pp. 24-25]

Ground Four is procedurally defaulted; nevertheless, it is also without merit because the factual allegations made in support of the plea are specifically refuted by the record.

*3. Conclusion and Judgment*

The claims asserted in Grounds One and Two are not properly before the Court since those claims were fully litigated on appeal. The claims asserted in Grounds Three and Four are procedurally defaulted due to Reinhart's failure to raise the claims on appeal and due to his failure to establish cause and prejudice or actual innocence. Furthermore, the claims asserted in Grounds Three and Four are manifestly without merit since the factual basis of the claims is not supported by, and in fact specifically refuted by, the record.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that Reinhart's Motion to Vacate pursuant to 28 U.S.C. § 2255 (rec. doc. 216) be and it is hereby **DENIED WITH PREJUDICE**, /2, 2 o o 8

_____
RICHARD T. HAIK, SR.
CHIEF JUDGE